## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

2ns317
45 432

EASTERN DISTRICT, APRIL TERM, 1824.

*ALLARD & AL.* vs. *LOBAU.*

APPEAL from the court of the first district.

East'nDistrict.
*April,* 1824.

ALLARD & AL.
*vs.*
LOBAU.

A suit is maintainable by an individual in the district court, for the obstruction of a highway.

PORTER, J. delivered the opinion of the court. The petitioners state that they are riparious proprietors along the bayou St. John, and that the bayou is a navigable stream. That the defendant, who is also a riparious proprietor thereon, and by law obliged to leave a space of twenty-five feet in width along the bank for a passage, has erected an old hut, which obstructs the way at low water, and renders it impassable at high.

They pray that the nuisance may be abated, by a decree of the court compelling defendant

East'n District.
*April*, 1824.

ALLARD & AL.
*vs.*
LOBAU.

to remove the hut by him erected, and that they have such other relief as their case entitles them to.

The answer sets up various grounds of defence, which it is unnecessary to enumerate; as the court below, conceiving it had no jurisdiction of the case, dismissed the petition.

A great deal has been said on the argument, which we conceive quite irrelevant to the point on which we are now called on to decide. It may be true that the bayou is not a navigable stream ;—that the corporation of New Orleans should join in the action :—and finally, that the claim of the petitioners is not well founded. But these enquiries suppose an examination of the case, by a court having the power to take cognizance of it, and the decision of the judge, that he wanted this power, has brought the cause up on that point alone. To the correctness of that decision therefore must our attention be confined.

The question presented by the pleadings is, whether an individual who complains of an obstruction to a highway, can maintain an action for it in the district court. To arrive at a conclusion, the best and safest mode will be to enquire whether private persons have any right

which is personal, in relation to property of the description mentioned in the petition. If it should be found that they have, it will follow that the tribunal where the suit was brought, had jurisdiction, unless the legislature have expressly denied the *remedy* which must neces- sarily be supposed to belong to such a right.

East'n District.
*April*, 1824.

ALLARD & AL.
*vs.*
LOBAU.

Public things, says our code, are these, *the property* of which belongs to a whole nation, and *the use* of which is granted to all the mem- bers of the nation : of this kind, are navigable rivers, sea-ports, roads, harbours, highways, and the beds of rivers, so long as the same is covered with water. *Civil Code* 94, *art.* 6. Such also was the ancient law of this country.

The use thus granted to each individual, of the things just mentioned, by the public, who are the owners, appears to us to confer the right of enjoyment in as full and complete a degree, as that which would be derived from the concession of a private proprietor, on soil that belonged to him. If there is any differ- ence we are unable to perceive it, and in either case we conceive, that if the party on whom this privilege is conferred, or to whom this use is accorded, be obstructed in the exer- cise of it, he is well founded in considering it

as a private injury ; for it prevents him from enjoying a personal right.

Such, we think, is clearly the consequence of the public conferring on each individual of the nation the use of any part of its property, and such, we think, was the law antecedent to the passage of that act of the legislature, which has been relied on to shew, that the offence charged on the defendant is now made a public offence, and is exclusively cognizable by a court having a criminal jurisdiction.

The words of that statute are " That any person who shall make on the shores of any navigable river, or in any other place of public use, any work to hinder or embarrass such public use, contrary to the spirit and true interest of the laws which are in force in this territory shall be liable to prosecution by information, before the court of the parish where such a nuisance shall have been committed, and shall, upon conviction, be compelled to pay the sum of one hundred dollars, for every offence committed in contravention of the provisions of this act, and the court shall further order the nuisance to be removed, at the expense of the party convicted."

This act construed strictly, as penal laws should be, could not be held to affect any works erected before its passage, and therefore it might perhaps be enough to say in the present instance, that as the petition does not state when the obstruction was placed in the public way, it does not follow that it was since the enacting of the law, and therefore the court was not necessarily as the case stood on the pleadings, without jurisdiction. But as the facts may be otherwise, and as the want of an expression of our opinion on the main question might compel the parties to come before us again without the cause being gone into on the merits, we have deemed it better to settle the point at once, more particularly as it is one on which we entertain no doubt.

There is nothing in the act cited, which takes away the private right that existed previous to its passage. Its whole provisions are in relation to the public offence, which is committed by an act such as that complained of, and in providing remedies for it; and it is totally silent in relation to the injury which individuals may sustain, or to the redress to which they may be entitled. On what ground then could we hold that it deprived the latter

of relief for the private injury : none, unless we were to say that the prosecution by the public was utterly inconsistent and incompatible with a private demand to have a judgment, which in part would have the same effect. But such a position would be wholly untenable, for the relief obtained by public prosecution is not inconsistent, or incompatible with, that of the private action, but *concurrent* with it. And the reasons are obvious and sound, why the Legislature may have thought, that it was not sufficient to leave this subject exclusively in the hands of the citizen, without supposing they intended to deprive him of a right, useful and necessary to himself; but too closely connected with that of the public to be committed entirely to his discretion and vigilance.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, that this cause be remanded to the district court, with directions to the judge not to refuse to proceed to the trial of the same for the want of jurisdiction. And it is further ordered, adjudged, and decreed, that the appellee pay the costs of this appeal.

*D'Armas* for the plaintiffs, *Morel* for the defendant.